Marcus G. Christ, J.
The petitioner was a junior high school principal for a probationary period in a school under the jurisdiction of the respondent board of education. He was not certified for permanent status as a principal by the district superintendent of schools and was not appointed by the board of education. He brings this proceeding under article 78 of the Civil Practice Act to direct the district superintendent and the board of education to restore the petitioner to his position with full rights as principal and to declare him to have tenure in the position of high school principal.
*298 Section 3013 of the Education Law establishes a procedure for the appointment of school principals. The board of education may appoint as a principal a person who has been recommended by the district superintendent of schools at first only for a probationary period not to exceed five years and thereafter to be appointed on permanent tenure upon further recommendation of the district superintendent of schools. The statute also contains this sentence (subd. 2): “ Each person who is not to be so recommended for appointment on tenure shall be so notified in writing by the district superintendent not later than sixty days immediately preceding the expiration of his probationary period.”
The decision in this case turns upon whether a letter hereafter referred to was adequate notice under this provision. The petitioner was first employed by the board of education effective September 1, 1953 as a social studies teacher at a salary of $4,400. His appointment was for a three-year probationary period commencing September 1, 1953. He had not served long in this position when on November 6, 1953 the board of education, upon the recommendation of the district superintendent of schools, adopted a resolution appointing the petitioner as a junior high school principal at a salary of $6,000. A written notice of this appointment dated November 6, 1953 was given to the petitioner. It notified him that he had been appointed as junior high school principal for a probationary period of three years beginning December 1,1953. The appointment was made conditional upon the notification to the board of education prior to November 20, 1953 and it bears the approval of the district superintendent of schools under date of October 29,1953. Upon the same paper containing the notice, the petitioner, under date of November 18, 1953 asserts that he is a duly qualified teacher and accepts the appointment under the conditions as set forth. The petitioner entered upon his duties and became the junior high school principal. As the time approached for the expiration of the probationary period and the consideration of the petitioner for permanent tenure, more specifically on July 23, 1956, a letter was sent by the district superintendent to the petitioner. It reads as follows: “ According to the records of this office your probationary period as Principal of the Beth-page High School will end on October 31. The purpose of this note is to advise you that I feel that it will not be possible for me to recommend your permanent appointment. If you wish to discuss this matter with me, I shall be very willing to see you at your convenience.” A copy of this letter was sent to the board of education.
*299 After the receipt of this letter the petitioner met with the district superintendent on August 3, 1956 and again on August 31, 1956. The board of education did not pass any resolution employing the petitioner on a permanent tenure. On October 2 the district superintendent wrote a letter to the board of education in which he advised the board that he was not submitting the petitioner’s name for permanent tenure at the expiration of his probationary period on October 31, 1956 and advising the board further that it was not permissible for them to continue the petitioner’s services after the end of the probationary period. The board then on October 2 adopted a resolution terminating the petitioner’s services as of October 31, 1956. The petitioner was relieved of his assignments as of October 31, 1956 and his pay stopped as of that date.
There are two questions, one a major, the other a minor question. The major question is whether the letter of July 23 was a notice sufficient to comply with the requirements of the sentence of section 3013 of the Education Law quoted above. The second question is whether the petitioner’s probationary period expired on October 31 as stated in the two letters of the district superintendent or on November 30 which would be three years from December 1, 1953 as stated in the notice of the probationary appointment given by the board of education to the petitioner under date of November 6 and which he accepted on November 18, 1953. The only significance of this latter point is as to whether there is some additional sum of money due to the petitioner for a month’s service for which he was not paid. The first point, of course, is determinative of whether the petitioner had the right to be considered by the board of education for appointment as a permanent principal in the district. There are no decided cases which help to determine the sufficiency of the notice. The purpose of the statute, however, is clear. It is to protect the teacher, or in this case the principal, from running to the very end of his probationary period and then being dismissed without notice and without having had the opportunity to seek other employment. It is urged by the petitioner that the letter of July 23 was not sufficiently direct and unequivocal as to let the petitioner know he was to be dropped. Petitioner claims the letter is not couched in words of finality. He says language such as “ I feel it will not be possible to recommend ” * * * <f anq if you wish to discuss this matter * * * ” “ I shall be very willing ” do not sound the last knell. It is true that this note could have been sharper and more direct. However, the district superintendent sought to break the disagreeable news gently. He did not set forth in writing the short *300 comings of the petitioner or the reasons for the failure to recommend him but he indicated that such information would be available in a conference if the petitioner cared to come and see him. The statute does not require as much. The petitioner did on two occasions thereafter meet with the district superintendent and, it may be inferred, sought to have him reconsider the decision, but there was no change as is evidenced by the letter of October 2. The letter of July 23 was clearly a warning to the petitioner that he was not to be recommended for permanent appointment. The opportunity was presented to seek reconsideration which he did and also to seek other employment. The letter of July 23 was a sufficient compliance with section 3013 of the Education Law. This question is resolved against the petitioner. The remaining issue is resolved in favor of the petitioner. The notice by the board of education stated specifically that the probation period would be for three years beginning December 1,1953. This was accepted by the petitioner and the district superintendent approved this specific language. It is controlling and the court holds that the probationary period ended on November 30, 1953 and that there would be due and payable a month’s salary to him for that period extending beyond October 31 to November 30.
Settle order on notice.